IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARQUITA WRIGHT o/b/o** | : | |
| **B.W., a minor,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 04-5912** |
| | : | |
| **JO ANNE B. BARNHART,** | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM AND ORDER

Presently before this Court are the parties' Cross-Motions for Summary Judgment (Docs. 8 and 9), the Responses in Opposition (Docs. 9 and 10), the Report and Recommendation of United States Magistrate Judge Faith Angell ("Judge Angell's Report" or "R&R") (Doc. 17), Plaintiff's Objections to Judge Angell's Report (Doc. 18), and Defendant's Response to Plaintiff's Objections (Doc. 19). For the reasons set forth below, the Court will approve and adopt Judge Angell's Report, deny Plaintiff's Motion for Summary Judgment and grant Defendant Commissioner's Motion for Summary Judgment.

## FACTUAL BACKGROUND

On August 18, 2003, Plaintiff Darquita Wright, on behalf of her son ("BW"), filed an application for Social Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383h, alleging disability since February 21, 2001. (Tr. 36-39.) The state Bureau of Disability Determinations (the "BDD") denied Plaintiff's application on February 13, 2004. (Tr. 20-23.) On March 1, 2004, Plaintiff requested a hearing. (Tr. 24.) On July 1, 2004, Administrative Law Judge Christine McCafferty (the "ALJ") held a hearing to review the BDD's decision. (Tr. 170-

95.) In a decision dated July 30, 2004, the ALJ denied Plaintiff's claim for SSI benefits. (Tr. 8-17.) On October 28, 2004, the Social Security Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. (Tr. 4-7.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a timely appeal with this Court on August 21, 2003, for judicial review.[1]

The ALJ followed the three-step sequential evaluation process used to evaluate childhood disability cases.[2] At the first step, the ALJ found that BW never engaged in any substantial gainful activity, as defined in 20 C.F.R. § 416.972. (Tr. 17; Finding 1.) During the second step, the ALJ found that BW had insulin dependants diabetes mellitus, an attention deficit hyperactivity disorder, and a disruptive disorder, which are severe impairments, pursuant to 20 C.F.R. § 416.924(c). (Tr. 17; Finding 2.) At the third step, the ALJ found that the limitations from BW's impairment did not meet, medically equal or functionally equal the severity of any of the provisions of the childhood listing of impairments, found in 20 C.F.R. § 416.924(d). (Tr. 17; Finding 4.) To prove functional equivalence, Plaintiff must show that BW's impairment resulted in marked limitation of two domains of functioning. 20 C.F.R. § 416.926a(a). The ALJ found that BW only suffered from a marked limitation in the Interacting with Others domain. (Tr. 14-16.) As such, BW did not have a combination of medically determinable physical or mental impairments that resulted in marked or severe functional limitations. (Tr. 17; Finding 5.) Therefore, the ALJ concluded that BW was not

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party...may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision...Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g).

[2] In cases of childhood disability, ALJ's must consider (1) whether the child is working; (2) whether the child has a medically determinable severe impairment or combination of impairments; and (3) whether those impairments or combination of impairments meets, medically equals or functionally equals the severity of a listed impairment. 20 C.F.R. § 416.924(a)-(d).

disabled. (Tr. 17; Finding 6.)

In her report, Judge Angell found that the ALJ's determination of only one marked designation was supported by substantial evidence. (R&R at 5.) Judge Angell considered arguments from Plaintiff that the evidence supported a finding that BW had at least a "marked" limitation in the domains of Attending and Completing Tasks, Caring for Yourself and Health and Physical Well-Being. *Id.* at 4. Judge Angell considered the record before the ALJ and did not find clear error in the ALJ's reasoning. *Id.* at 4. Judge Angell also considered and rejected the effect Plaintiff's new evidence would have on the ALJ's decision. *Id.* at 5. Consequently, Judge Angell recommended that this Court deny Plaintiff's Motion for Summary Judgment and Grant the Commissioner's Motion for Summary Judgment. *Id.* at 6.

## STANDARD OF REVIEW

This Court reviews Judge Angell's Report, *de novo.* 28 U.S.C. § 636(b)(1)(C). The role of the Court on judicial review is to determine whether there is substantial evidence in the record to support the Commissioner's final decision. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). If the factual findings of the Commissioner are supported by substantial evidence, this Court must accept them as conclusive. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the conclusion of the ALJ is supported by substantial evidence, this Court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *see* 42 U.S.C. § 405(g).

**DISCUSSION**

In her motion for summary judgment, Plaintiff raises several arguments in which she alleges that the determination by the ALJ was not supported by substantial evidence. Plaintiff also objects to Judge Angell's confirmation of the ALJ's determination. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, the Court finds that the ALJ's decision was supported by substantial evidence.[3]

**A. Attending and Completing Tasks**

First, Plaintiff argues that BW's impairments impose marked limitations in the domain of Attending and Completing Tasks and objects to the ALJ's and Judge Angell's findings regarding that domain. Pl.'s Mem. at 12-15; Pl.'s Obj. at 3, 6. The Court finds that the there is substantial evidence to support the ALJ's finding. BW scored in the average range in intelligence tests (Tr. 14, 110) and has never failed a subject or repeated a grade in school. (Tr. 56, 174.) Aside from school work, BW also plays basketball and football (Tr. 179, 186, 190) puts together puzzles, reads books, plays games, and watches television shows. (Tr. 59.) Additionally, the ALJ considered the assessment of Richard G. Ivins, Ph. D. (Tr. 110-15.) Dr. Ivins opined that BW should be able to perform academically at peer level. (Tr. 111.) Consequently, this Court agrees that the record supports the ALJ's finding that BW had less than marked limitation in the Attending and Completing Tasks domain.

**B. Caring for Yourself**

Second, Plaintiff argues that BW's impairments imposed a marked limitation in the domain

---

[3] The Court does not address all of Plaintiff's Objections directly. Rather on *de novo* review of the record, the Court addresses the substance of Plaintiff's Objections to Judge Angell's Report as the objections apply to a review of the ALJ's decision.

of Caring for Yourself. Pl.'s Mem. at 16-18; Pl.'s Obj. at 3-4, 6. The ALJ found that BW's ability in this domain was "at an age appropriate level." (Tr. 16.) BW is able to administer insulin and to dress for school (Tr. 16, 57.) According to Plaintiff, the ALJ did not properly consider the fact that BW has poor impulse control. Pl.'s Mem. at 17. However, the record reveals that the ALJ did consider BW's impulse control. The ALJ found that, although BW had trouble dealing with stressful situations, BW was receiving medication and therapy to deal with the stress. (Tr. 16, 177-78.) Based on this information, the ALJ correctly concluded that BW did not have a marked limitation in this domain.

### C. Health and Physical Well-Being

Finally, Plaintiff contends that BW's impairments imposed a marked limitation in the Health and Physical Well-Being domain. Pl.'s Mem. at 18-22; Pl.'s Obj. at 4-5, 6-7. The Court finds that the record supports the ALJ's conclusion here as well. The ALJ noted (and the medical record confirmed) that BW's blood sugar was in the eighty percent (80%) range. (Tr. 16, 83.) The ALJ observed that BW takes insulin. (Tr. 16.) Moreover, the record lacks any evidence of hospitalization or glycemic episodes. (Tr. 16.) The record did not support a finding that BW's diabetes limited BW's ability to perform normal activities. Therefore, the Court finds that the ALJ's decision that BW's limitation in the domain of Health and Physical Well-Being, is supported by substantial evidence.

### CONCLUSION

Upon careful and independent consideration, the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARQUITA WRIGHT o/b/o** : | | |
| **B.W., a minor,** : | | |
| Plaintiff, : | CIVIL ACTION | |
| : | | |
| v. : | NO. 04-5912 | |
| : | | |
| **JO ANNE B. BARNHART,** : | | |
| **COMMISSIONER OF SOCIAL SECURITY,** : | | |
| Defendant. : | | |
| : | | |

## ORDER

**AND NOW,** on this 22nd day of November, 2005, upon consideration of the parties' Cross-Motions for Summary Judgment (Docs. 8 and 9), the Responses in Opposition (Docs. 9 and 10), after careful review of the Report and Recommendation of United States Magistrate Judge Faith Angell ("Judge Angell's Report" or "R&R") (Doc. 17), Plaintiff's Objections to Judge Angell's Report (Doc. 18), and Defendant's Response to Plaintiff's Objections (Doc. 19), **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation is **APPROVED and ADOPTED**.

2. The Plaintiff's Motion for Summary Judgment is **DENIED**.

3. The Defendant Commissioner's Motion for Summary Judgment is **GRANTED**.

4. The Clerk of the Court shall mark this case as **CLOSED**.

BY THE COURT:

/S/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, J**.

6